### JOSIAH HASKELL *vs.* HENRY DENNIS & another.

If one who by a written assignment is entitled to receive the earnings of another accep*s an order to pay the same to third parties, when earned and received, he is bound to apply upon the acceptance all sums afterwards received by him, and has no right when receiving the same to agree to apply a portion thereof to the payment of other debts of the drawer, or to receive the same on condition that he will so apply them, or to assign to another person his right to receive such earnings, without the consent of the holder of the order.

CONTRACT upon an acceptance as follows:

" $1000.                                  Rockport, Dec. 10, 1860.

" To James Manning and Henry Dennis. Gentlemen : Please pay to Josiah Haskell one thousand dollars, when the amount is earned by me on the railroad, it being for value received. (Signed) William Sullivan."

" Accepted to pay when earned and received by us, after the amount for which we are responsible on said Sullivan's account is paid, being the sum of seven hundred and ninety dollars. (Signed) Henry Dennis, James Manning."

At the trial in the superior court, before *Putnam,* J., it appeared that Sullivan was a sub-contractor to build a section of a railroad under a contract with the principal contractors, E. Gilmore & Co.; that he had assigned his contract to the defendants; that afterwards, being indebted to the defendants in the sum of $790, he drew the above order upon them in favor of the plaintiff; that they accepted the same, in the terms above copied; that afterwards they received of Gilmore & Co. upon Sullivan's contract the sum of $1000, only $640 of which had at that time been earned; that Sullivan then owed $480 for work and materials employed in carrying on the work to that time; that Gilmore & Co. paid the $360 above what was due on the express condition and agreement that the defendants should pay Sullivan's outstanding debts to the amount of $480 as aforesaid; that the defendants accordingly paid the same, and applied the residue of the money towards the discharge of their own claim; and that Sullivan subsequently earned the

whole amount of the $360 so advanced by Gilmore & Co., though a portion thereof was not earned till after the 10th of January 1861, when the defendants assigned the contract to one McGregor. The plaintiff also offered to show that, after the assignment to McGregor, Gilmore & Co. paid to him amounts earned by Sullivan more than sufficient to cover the full amount of the acceptance in suit, and that this assignment was made without the plaintiff's consent or knowledge; but the judge rejected the evidence, and ruled that the plaintiff was not entitled to recover. A verdict was accordingly returned for the defendants, and the plaintiff alleged exceptions.

*S. H. Phillips*, for the plaintiff, cited *Eaton* v. *Mellus*, 7 Gray, 566; *Lannan* v. *Smith*, Ib. 150, and cases cited; *Austin* v. *Kimball*, 12 Cush. 485, and cases cited; *Adams* v. *Robinson*, 1 Pick. 461.

*W. G. Choate*, for the defendants.

MERRICK, J. When the defendants accepted the order drawn on them in favor of the plaintiff by Sullivan, they were entitled to receive whatever sums he had already earned or should afterwards earn in the performance of the written contract between him and Gilmore & Co., of which they then held a valid assignment. Their acceptance of the order was in special terms, to pay the amount mentioned in it whenever so much should be earned by Sullivan and received by them, over and above the sum of $790, for which they had otherwise become responsible on his account. The plaintiff thus acquired a direct interest in the assignment of said contract to the defendants, and they became bound to retain it for his benefit and to use reasonable diligence to make it available to him; for after the acceptance of the order they held the assignment in trust for him. They were to collect and receive whatever Sullivan should earn in the performance of the contract, and make the appropriation of it in the manner stipulated by them. They err in assuming that they were to receive only the net earnings of Sullivan, or the profits which he should make in the execution of the work undertaken by him. The assignment entitled them to collect from Gilmore & Co. whatever sums should become due from

them to Sullivan, and their acceptance of the order bound them to apply the proceeds so received, first to indemnify themselves against their liabilities previously contracted, and then towards the payment of the thousand dollars due to the plaintiff. They could not, therefore, without violating his rights, enter into new stipulations with Gilmore & Co. that they would make a different appropriation of any sum of money received from Gilmore & Co. on account of the earnings of Sullivan; nor could they, without the consent of the plaintiff, divest themselves of all right under the contract by assigning it to other persons. Sullivan did not agree with the defendants in positive terms that he would go on and fulfil his contract with Gilmore & Co., although it is obvious that when he made the assignment of it he intended and expected to do so. If he had chosen to stop altogether, and had afterwards done nothing under the contract, he would have earned nothing, and these defendants could never have received anything, or have incurred or been subjected to any liability under their acceptance of his order. But he did in fact continue to pursue the work, and he earned all the money that was afterwards paid to the defendants and to McGregor after the assignment made to them. It is of no consequence, so far as the right of the plaintiff is concerned, that a part of the money paid to the defendants was paid by Gilmore & Co. in advance; it was paid, and was afterwards applied to the discharge of the earnings of Sullivan which became due. The plaintiff is entitled to insist that this sum, together with so much of what was subsequently paid to McGregor as would amount in the whole to a thousand dollars, should have been received and held by the defendants to his use, and paid in discharge of the order of Sullivan in his favor which they had accepted.

The court therefore erred in ruling that, upon all the evidence in the case and upon the facts offered to be shown, the plaintiff was not entitled to recover; and his exceptions must be sustained, the verdict against him set aside, and a new trial granted.